UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

JUAN FRANCISCO SANCHEZ CONTRERAS,

                   Petitioner,

          -v-

ORANGE COUNTY IMMIGRATION
FACILITY,

                 Respondent.

--------------------------------------------------------------- X

     USDC SDNY
     DOCUMENT
     ELECTRONICALLY FILED
     DOC #: _____
     DATE FILED: 4/29/2026

1:26-cv-3530-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On April 28, 2026, Petitioner Juan Francisco Sanchez Contreras, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Dkt. No. 1. The petition is signed—not by Mr. Contreras himself—but by Rosmaydi Peralta Manzanillo. *Id.* at 8. Ms. Manzanillo has not entered a notice of appearance in this case as Mr. Contreras's attorney nor otherwise demonstrated why she should be permitted to represent Mr. Contreras in these proceedings.

Before the Court can consider the merits of the petition, the Court must first determine whether Ms. Manzanillo has standing to bring this action as "next friend" to Mr. Contreras. "Under 28 U.S.C. § 2241, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. § 2241 (emphasis added). This is commonly referred to as "next friend standing." "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Accordingly, the threshold question here is whether Ms. Manzanillo, who filed the habeas petition on Mr. Contreras's behalf "is in fact acting 'in his behalf.'" *Ross ex rel. Smyth v. Lantz*, 396

F.3d 512, 513 (2d Cir. 2005). "Important[ly] for present purposes, 'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. Rather, "[t]he availability of next friend status is . . . subject to significant limitations." *Padilla v. Rumsfeld*, 352 F.3d 695, 703 (2d Cir. 2003), *rev'd and remanded on other grounds*, 542 U.S. 426 (2004). To determine whether Ms. Manzanillo has adequately demonstrated "next friend" standing, the Court looks to "at least two firmly rooted prerequisites." *Smyth*, 396 F.3d at 513 (quoting *Whitmore*, 495 U.S. at 163).

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and . . . must have some significant relationship with the real party in interest.

*Id.* at 514 (quoting *Whitmore*, 495 U.S. at 163–64). "The burden is on the 'next friend' . . . clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* (quoting *Whitmore*, 495 U.S. at 164).

The Court cannot conclude from the face of the petition exactly what relationship Ms. Manzanillo has with Petitioner. And even if the Court assumes that Ms. Manzanillo seeks to act in Petitioner's best interest, Ms. Manzanillo "has not alleged facts establishing that [s]he has a 'significant relationship'" with Petitioner. *Connally-Bey as next friend to Soto* v. *Caputo*, No. 22-CV-2966, 2022 WL 1137166, at *2 (S.D.N.Y. Apr. 18, 2022). "When the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reasons or explanation of the necessity for resort to the 'next friend device,' the court is without jurisdiction to consider the petition." *In re Flynn*, No. 25-CV-655, 2025 WL 1426094, at *2 (D. Conn. May 16, 2025) (internal quotations omitted) (quoting *Pritchard v. Jones*, No. 24-CV-1103, 2024 WL 3595923, at *1 (D. Conn. July 31,

2

2024)).  Accordingly, the Court cannot conclude that Ms. Manzanillo has standing to bring this action as next friend to Petitioner nor whether it has jurisdiction over this petition.

Ms. Manzanillo is ordered to submit a sworn affidavit setting forth the factual bases for the Court to conclude that she has next friend standing to file a petition on behalf of Mr. Contreras no later than May 5, 2026.  The Court directs the Clerk of Court to mail a copy of this order to Petitioner and to Rosmaydi Peralta Manzanillo at the address listed on the docket sheet for this action.

SO ORDERED.

Dated:    April 29, 2026
          New York, New York

_____
GREGORY H. WOODS
United States District Judge